1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA *ex rel.*
SEAN SOLOMON,

        Plaintiff,

    v.

MODERNA US INC.,

        Defendant.

No.  C 23-01103 WHA

**ORDER RE REQUEST FOR
RECONSIDERATION**

Relator Sean Solomon, proceeding *pro se*, filed this *qui tam* action under the False

Claims Act, 31 U.S.C. 3729–3733, asserting in sum that defendant Moderna US Inc.'s

COVID-19 vaccine is "snake oil" because it is for prevention of the symptoms of COVID-19,

as opposed to infection or transmission of the virus itself (Compl. 1–2, Dkt. No. 1).  The

United States declined to intervene, and thus requested all filings be unsealed and that the

action be dismissed unless relator Solomon obtains counsel.  An order issued unsealing this

action and giving relator thirty days to obtain counsel (Dkt. No. 12).  Relator now moves for

reconsideration of that order, requesting to proceed *pro se* (Dkt. No. 13).

Our court of appeals has explained in no uncertain terms that "a *pro se* relator cannot

prosecute a *qui tam* action on behalf of the United States" under the Act and that this

conclusion "is consistent with the decisions of other circuits to have addressed the issue."

*Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126–27 (9th Cir. 2007).  Relator

Solomon points to *Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765

1   (2000) as holding otherwise, arguing that *Stevens* "settled the question of whether pro se qui

2   tam relators have Article III standing" (Br. 2).

3        But the question here is not one of standing.  Our court of appeals discussed *Stevens* in

4   making a similar distinction to conclude that while relators under the Act have standing, they

5   may not proceed *pro se*.  *See Stoner*, 502 F.3d at 1127.  Indeed, the same principles that

6   undergird why relator has standing explain why relator cannot maintain this action *pro se*:

> The Supreme Court's recent decision in *Winkelman v. Parma City School District*, 550 U.S. 516, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007), does not suggest a contrary conclusion.  *Winkelman* considered whether the parents of a child covered by the Individuals with Disabilities Education Act ("IDEA") could proceed *pro se* in federal court to enforce IDEA's guarantee of a free appropriate public education for their child.  *Id.* at 2000–05.  The central question in *Winkelman* was whether IDEA grants parents the same independent substantive right to a free appropriate public education as it does their child, and thus whether unrepresented parents would be proceeding on their own behalf or on behalf of their child in an action to enforce this right in federal court.  *Id.* at 1998.  After examining IDEA's statutory scheme, the Court held that the parents could bring such an action *pro se* pursuant to 28 U.S.C. § 1654 because IDEA gives the parents their own "independent, enforceable" right to the substantive adequacy of their child's education.  *Id.* at 2005.
>
> While *Winkelman* reaffirms that *pro se* plaintiffs are entitled to enforce their own independent rights in federal court under § 1654, it has no direct application here because the FCA makes clear that a relator brings a *qui tam* suit on behalf of the government.  Unlike IDEA, which allows parents to proceed on their own behalf to vindicate their substantive right to a free appropriate public education for their child, the substantive right underlying the FCA action is the government's right not to be defrauded.  *See Stevens*, 529 U.S. at 771, 120 S.Ct. 1858 (The relator "is suing to remedy an injury in fact suffered by the United States.").  The relator's interest in the lawsuit is limited to certain procedural guarantees, in addition to the "bounty" the relator will receive for successfully assisting the government in vindicating the government's substantive rights.  *See Stevens*, 529 U.S. at 772, 120 S.Ct. 1858.  [Plaintiff's] reliance on *Winkelman* in the context of the FCA is thus misguided.

*Ibid.*

26        A *pro se* litigant may have standing but when he is acting as his own counsel, it will not

27   do for him to act as counsel for the United States.  "It would be to the detriment of our country

28   to have a *pro se* litigant without resources proceed on behalf of the United States via a *qui tam*

United States District Court
Northern District of California

1  action." *Bruzzone v. Intel Corp.*, No. C 14-01279 WHA, 2014 WL 12607802, at *1 (N.D. Cal.

2  May 21, 2014).

3      Given the foregoing, relator's request for reconsideration is **DENIED**.  Relator Solomon

4  has until **OCTOBER 24, 2023**, to obtain experienced counsel and for experienced counsel to file

5  a notice of appearance, or this action shall be dismissed.

6

7      **IT IS SO ORDERED.**

8

9  Dated:  September 26, 2023.

10

11  _____

12  WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California